IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| K & F RESTAURANT MANAGEMENT, LLC | § § § | |
| vs. | § § | CIVIL ACTION NO. 11-CV-926 |
| JESSICA WINTERS d/b/a IZZOZ TACOS, AUSTIN TASTY TACOS, INC. d/b/a IZZ0Z TACOS | § § § § | |

## ORIGINAL COMPLAINT

The plaintiff, K & F Restaurant Management, LLC, files this Original Complaint against the defendants for trademark infringement.

### JURISDICTION & VENUE

1. This Court has jurisdiction over the plaintiff's federal claims under 28 U.S.C. § 1331 because these claims relate to federal trademark rights and Lanham Act violations.

2. This court has personal jurisdiction over the defendants because the defendants reside in this district.

3. Venue is proper in this court under 28 U.S.C. § 1391 because jurisdiction in this case is not based solely on diversity of citizenship, because the defendants include an individual residing in Texas and a Texas corporation and are subject to personal jurisdiction in Texas.

### PARTIES

4. K & F Restaurant Management, LLC is a Texas limited liability company.

5. Jessica Winters is an individual residing in Texas. She is the registrant of the assumed business name Izzoz Tacos.[1] She may be served with process at:

>1503 South 1st Street
>Austin, Texas 78704

---

[1] Exhibit A.

375380.2

6. Austin Tasty Tacos, Inc. is a Texas corporation. Austin Tasty Tacos, Inc. is the registrant of the assumed business name Izz0z Tacos.[2] It may be served with process by serving its registered agent:

>Jessica A. Winters
>2700 East Side Drive
>Austin, TX 78704

## BACKGROUND

7. This is a trademark infringement action.

8. K & F is the owner of the federally registered service mark "Izzo's" and other trademarks and service marks (the "Izzo's Marks").[3] These registrations are valid, subsisting, and in full force and effect.

9. Since at least 2001, K & F has been owning, operating, and franchising multiple restaurants in the Izzo's Illegal Burrito restaurant chain (collectively "Izzo's"). Izzo's serves Mexican style food, including burritos and tacos. K & F and its franchisees collectively have a chain of nine locations throughout Louisiana and Alabama. K & F has an agreement to open seven additional Izzo's locations in Texas and will be doing so very soon.

10. Since 2001, K & F has continuously used the Izzo's Marks in commerce, and has advertised extensively through radio, television, billboard channels and the Internet via Izzo's primary Web site URL, http://www.izzos.com.

11. During the past ten years, consumers have come to associate the Izzo's Marks with K & F's Izzo's Illegal Burrito restaurants and its goods and services. The Izzo's Marks are assets of immense value to K & F and K & F's franchisees.

---

[2] Exhibit B.
[3] A true and correct copy of the United States Patent and Trademark Office (USPTO) Certificate of Registration Nos. 3,273,827; 3,206,607; 2,910,860; and 2,893,551 to this complaint and incorporated as Exhibit C.

375380.2

12. As a result of the sale, distribution and promotion of its services offered in connection with the Izzo's Marks, K & F has earned highly valuable goodwill in the Izzo's Marks, and this goodwill has become identified and associated with K & F.

13. Since 2008 or 2009, the defendants have been operating a single food trailer in Austin, Texas under the name "Izzoz Tacos." The defendants have been serving Mexican style food, including tacos. Izzoz Tacos has received publicity from national outlets such as *Nation's Restaurant News* magazine, *Men's Health* magazine, and *Eat Street* on the Cooking Channel.

14. Upon information and belief, neither "Izzoz" nor "Izzoz Tacos" is a registered mark.

15. There is not only a likelihood of confusion, but actual confusion, between one or more of the Izzo's Marks and the brand name "Izzoz Tacos." Numerous Izzoz Taco's customers have repeatedly confused "Izzo's" with "Izzoz" in internet postings and reviews.

16. A search of "Izzo's" on the Google search engine returns Izzoz as the eighth ranked result out of 589,000, and the only food-related result (other than Izzo's) in the top ten.

17. The Izzo's Marks are registered in International Classes 29 (meats and processed foods), 30 (staple foods), 33 (wine and spirits), and 43 (restaurant services).[4] Izzoz also operates in some of the same fields, including restaurant services and prepared foods.

18. The defendants' use of marks which are likely to be confusingly similar to K & F's marks is unauthorized. Despite receiving written notice of K & F's marks and K & F's objection to defendants' use of the "Izzoz Tacos" brand name, the defendants have refused to cease such use.

### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

19. K & F incorporates herein each of the foregoing allegations.

---

[4] *Id.*

375380.2

3

20. The defendants' conduct is trademark infringement under 15 U.S.C., chapter 22 (the Lanham Act). Their conduct is actionable under at least 15 U.S.C. § 1114(l) and 15 U.S.C. § 1125(a).

21. The defendants conduct was willful.

## DAMAGES

22. K & F requests that it be afforded all relief, including monetary damages, injunction, and statutory relief as provided by §§ 1114, 1117 and 1125 of Title 15 of the United States Code.

23. K & F, having found it necessary to hire the firm of McGlinchey Stafford PLLC to protect its rights, requests that it be awarded its reasonable and necessary attorney's fees and costs as authorized under § 1117 of Title 15 of the United States Code.

## PRAYER

24. For these reasons, K & F Restaurant Management, LLC prays this Court cite the defendants to appear and to conduct a trial on the merits of K & F's claims, and after this trial, order that K & F have judgment against the defendants for the aforesaid damages, injunctive relief, attorneys' fees and costs, and for whatever other relief to which the K & F shall have shown themselves entitled, including and not limited to:

(A) An order permanently enjoining the defendants from using the Izzo's Marks, or any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of the Izzo's Marks in or as part of a design, logo, domain name, or trademark or service mark, or otherwise using such mark in connection with the promotion, advertisement, sale, offering for sale, manufacture, production, or distribution of any product or service;

(B) An order permanently enjoining the defendants from using any false designation of origin or false description, or performing any act, which can, or is likely to, lead members of the trade or public to believe that the defendants are associated with K & F or that any product or service manufactured, distributed, rendered or sold by the defendants is in any manner associated or connected with K & F, or is authorized, licensed, sponsored or otherwise approved by K & F;

(C) An order permanently enjoining the defendants from purchasing the Izzo's Marks in connection with any sponsored advertising on the Internet or using the Izzo's Marks in any source code or otherwise using the Izzo's Marks such that a search for Izzo's on the Internet will cause any domain name or website of the defendants to appear in search results;

(D) An order permanently enjoining the defendants from using or registering the Izzo's Marks—or any simulation, reproduction, copy, colorable imitation, or confusingly similar variation thereof—as part of any domain name;

(E) An order permanently enjoining the defendants from engaging in any other activity constituting unfair competition with K & F, or constituting an infringement of the Izzo's Marks;

(F) An order permanently enjoining the defendants from applying to register or registering in the United States Patent and Trademark Office or in any state trademark registry any mark consisting in whole or in part of the Izzo's Marks or consisting in whole or in part of any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of the Izzo's Marks;

(G) An order permanently enjoining the defendants from assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (A) through (F) above; and

(H) An order directing the defendants to transfer the izzoztacos.com domain name, and all other domain names registered to, or owned or used by the defendants incorporating the Izzo's Marks, or any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of the Izzo's Marks, to K & F and execute all necessary documents to effectuate such transfers.

Respectfully submitted,

/s/Anderson L. Cao_____
**ANDERSON L. CAO**
Federal Bar No. 30284
State Bar No. 24031910
**MCGLINCHEY STAFFORD, PLLC**
1001 McKinney, Suite 1500
Houston, Texas 77002
Tel:  713/520-1900
Fax: 713/520-1025
acao@mcglinchey.com

*ATTORNEY-IN-CHARGE FOR THE PLAINTIFF*
*K & F RESTAURANT MANAGEMENT, LLC*

375380.2

5